UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAVON L. JETER, SR.,
Plaintiff,

Case No. 1:19-cv-623
Barrett, J.
Litkovitz, M.J.

vs.

BRYONE LAWLESS,
Defendant.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate incarcerated at the Ohio State Penitentiary, was granted leave to proceed *in forma pauperis* and the pro se complaint was filed in this matter on September 11, 2019. (Docs. 4, 5). Summons were issued on that same date. (Doc. 7). Plaintiff filed a motion to appoint counsel (Doc. 8) and a motion for entry of default (Doc. 9) on October 17, 2019. Defendant filed a motion to dismiss plaintiff's complaint on October 30, 2019 (Doc. 11) and a response in opposition to plaintiff's motion to appoint counsel on November 5, 2019 (Doc. 14).

**1. Motion for entry of default (Doc. 9)**

Plaintiff's motion for entry of default should be denied. Under Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the clerk enters the party's default, the plaintiff must move the court for a default judgment under subsection (b)(2). *See Heard v. Caruso*, 351 F. App'x 1, 15-16 (6th Cir. 2009) (before a party obtains a default judgment under Rule 55(b)(1) or (b)(2), there must be an entry of default by the clerk under Rule 55(a) (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2682, at 13 (3d ed. 1998)). Plaintiff has not completed the first step under Rule 55(a) by obtaining an entry of default by the clerk. Further, plaintiff is not entitled to an entry of default and default

judgment because defendant has not failed to plead or otherwise defend this case but has filed a motion to dismiss.

## 2. Motion for appointment of counsel (Doc. 8)

Plaintiff moves the Court to appoint counsel for him on the grounds he is unable to afford counsel; his incarceration and placement in segregation will limit his ability to litigate this matter; the issues in this case are complex and will require a significant amount of research and investigation; plaintiff has limited access to the law library; and counsel could assist plaintiff at trial in presenting his evidence and effectively cross-examining witnesses, who are likely to present conflicting testimony.

The Court will deny plaintiff's motion. The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id*. at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion for entry of default (Doc. 9) be **DENIED**.

**IT IS THEREFORE ORDERED THAT:**

Plaintiff's motion for appointment of counsel (Doc. 8) is **DENIED**.

Date: 11/15/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAVON L. JETER, SR.,
Plaintiff,

Case No. 1:19-cv-623
Barrett, J.
Litkovitz, M.J.

vs.

BRYONE LAWLESS,
Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).