UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAVON L. JETER, SR.,
    Plaintiff,

vs.

BRYAN LAWLESS,
    Defendant.

Case No. 1:19-cv-623

Cole, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, a former inmate at the Southern Ohio Correctional Facility (SOCF), brings this pro se civil rights action under 42 U.S.C. § 1983 against defendant Bryan Lawless.[1] Plaintiff alleges, inter alia, that defendant Lawless, an SOCF correctional officer, used excessive force against him on January 15, 2019 in violation of his Eighth Amendment right to be free from cruel and unusual punishment. This matter is before the Court on defendant's motion to dismiss (Doc. 11), plaintiff's memorandum in opposition (Doc. 15), and defendant's reply memorandum (Doc. 17). Defendant moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for two reasons: (1) plaintiff has failed to allege a prayer for relief in his complaint; and (2) plaintiff has failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997e.

**I.    Rule 12(b)(6) standard**

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and draw inferences in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007);

---

[1] Plaintiff mistakenly spells the defendant's first name as Bryone in the complaint. According to counsel for defendant, the correct spelling of the defendant's name is "Bryan" Lawless.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The court "consider[s] the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 335-36 (6th Cir. 2007) ("when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment.").

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To avoid dismissal for failure to state a claim for relief, plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). While the Court must accept all well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."

*Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

### III. Prayer for relief

Defendant alleges that plaintiff's complaint must be dismissed because it lacks a prayer for relief. Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While defendant is correct that plaintiff did not request any particular type of relief in the section of his standard prisoner complaint form entitled "RELIEF" (Doc. 5, PAGEID #: 45), he did submit in conjunction with his complaint a Civil Cover Sheet that listed a "DEMAND" for $10,000.00 under "Section VII: Requested in Complaint." (Doc. 5-1, PAGEID #: 51). Construing plaintiff's pro se complaint and Civil Cover Sheet liberally, as the Court must on a motion to dismiss, the Court determines that plaintiff has adequately pled a prayer for monetary relief in this case. *See McGowan v. Cuyahoga Cty. Jail*, No. 1:16-cv-1093, 2016 WL 3659916, at *1 (N.D. Ohio June 30, 2016) (viewing civil cover sheet to include a request for monetary damages). Defendant's motion to dismiss on this ground should be denied.

### IV. Exhaustion of administrative remedies

Exhaustion of administrative remedies "is mandatory under the [PLRA] and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). "[A] prisoner confined in any jail, prison, or other correctional facility" is barred from filing a lawsuit alleging constitutional violations under 42 U.S.C. § 1983 "or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532.

"A prisoner's failure to exhaust his intra-prison administrative remedies prior to filing suit 'is an affirmative defense under the PLRA.'" *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012) (quoting *Jones*, 549 U.S. at 216). "[T]he failure to exhaust 'must be established by the defendants.'" *Id.* (quoting *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011)). Thus, defendants bear the burden of proof on exhaustion. *Id.*

The PLRA exhaustion requirement means prisoners must carry out "proper exhaustion" of a grievance. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). To properly exhaust a claim, a prisoner must take advantage "of each step the prison holds out for resolving the claim internally" and follow the "'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford*, 548 U.S. at 90). "Proper exhaustion [further] demands compliance with an agency's deadlines. . . ." *Woodford*, 548 U.S. at 90. Proper exhaustion serves the necessary interest of providing "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *LaFountain v. Martin*, 334 F. App'x 738, 740 (6th Cir. 2009) (citing *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006)).

The procedure established for resolving inmate complaints in Ohio, codified in Ohio Admin. Code § 5120-9-31, involves a three-step process. First, the inmate is required to file an informal complaint with the direct supervisor of the staff member or department most directly responsible for the subject matter of the complaint within 14 days of the event giving rise to the complaint. Ohio Admin. Code § 5120-9-31(K)(1). Second, if the inmate is unsatisfied with the response to his informal complaint, he may file a formal grievance with the inspector of institutional services at his institution of confinement. Ohio Admin. Code § 5120-9-31(K)(2).

4

The inspector of institutional services is required to provide a written response to the inmate's grievance within 14 calendar days of receipt of the grievance. *Id.* If the inmate is dissatisfied with the response, he may undertake the third step of the grievance process and file an appeal to the office of chief inspector of the Ohio Department of Rehabilitation and Correction ("ODRC") within 14 days of the disposition of the formal grievance. Ohio Admin. Code § 5120-9-31(K)(3).

Attached to plaintiff's complaint is an Informal Complaint Resolution ("ICR") dated January 20, 2019 and a Notification of Grievance ("NOG") dated February 23, 2019 and numbered 03-19-000065 in the upper right-hand corner. (Doc. 5, PAGEID #47-48, 50). Plaintiff's complaint also includes a Disposition of Grievance for grievance number 03-19-000065 which states that Captain Clagg responded to the ICR on January 23, 2019, indicating that the incident would be reviewed by a use of force investigator. (Doc. 5, PAGEID #49, ¶2).

Defendant alleges that under the second step of Ohio's grievance procedure, plaintiff was required to file his NOG within 14 days of the disposition of the ICR by Captain Clagg, which would have been February 6, 2019. Because plaintiff's NOG was dated February 23, 2019, 17 days after the deadline had expired, defendant argues that plaintiff has failed to properly exhaust his administrative remedies, and his complaint should be dismissed.

The Court disagrees. In response to plaintiff's NOG, the SOCF institutional inspector stated:

> You dated ICR 01-19-199 as 01/17/2019 and submitted it to the second shift captain. Captain Clagg responded on 01/23/2018 (sic) and advised you the incident would be reviewed by a use of force investigator.
>
> All documentation for RIB SOCF-19-000185, including the conduct report issued by Officer Lawless, was reviewed. You were found not guilty of violating rules 6 and 8.

> DVR 029-019, all DRC2181s, your use of force statement, and your medical exam report were also reviewed.
>
> To obtain state issued clothing, submit a quartermaster slip to your unit sergeant, Sgt. Tackett.
>
> The incident that occurred on 01/15/2019 is being investigated in accordance with AR 5120-9-01, AR 5120-9-02, DRC Policy 63-UOF-01, DRC Policy 63-UOF-02, and DRC Policy 63-UOF-03. An investigator will interview all involved parties with the DWO and managing officer having the final determination whether the force used was justified. At this time, your grievance is considered denied with no further action being taken.

(Doc. 5, PAGEID #: 49). The institutional inspector did not deny plaintiff's grievance on the basis of his alleged failure to comply with the timelines set forth in the prison grievance procedure. Rather, she addressed plaintiff's grievance on the merits. Under these circumstances, the Court cannot conclude that plaintiff failed to properly exhaust his administrative remedies.

In *Reed-Bey*, the Sixth Circuit held that a prisoner properly exhausted his administrative remedies even though he failed to comport with the prison's grievance procedures by omitting the names of the prison officials that were the subject of his grievance. 603 F.3d at 325. The Sixth Circuit explained that because the prison "opted to dismiss his grievance on the merits rather than invoke its procedural bar," the prisoner properly exhausted his claim. *Id*. at 323. Thus, the Sixth Circuit held as a matter of law that "[w]hen prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits, so as a general rule will we." *Id*. at 325. *See also Maxwell v. Corr. Med. Servs., Inc*., 538 F. App'x 682, 689 (6th Cir. 2013) (declining to dismiss grievance as untimely where prison officials denied grievance on the merits after stating that "[a]ll relevant information has been reviewed within the electronic record" regarding prisoner's allegations).

In this case, the institutional inspector did not reject plaintiff's grievance at step two of the process by asserting the procedural defense that the grievance was untimely. Rather, plaintiff

6

received a merits-based response to the grievance he filed with the institutional inspector. Therefore, under *Reed-Bay*, plaintiff's alleged failure to comply with the 14-day deadline does not amount to a failure to exhaust his administrative remedies. Defendant's motion to dismiss on the basis of failure of exhaustion should be denied.

## IT IS THEREFORE RECOMMENDED THAT:

Defendants' motion to dismiss the complaint (Doc. 11) be **DENIED.**

Date: 4/20/2020

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

RAVON L. JETER, SR.,
    Plaintiff,

vs.

BRYAN LAWLESS,
    Defendant.

Case No. 1:19-cv-623

Cole, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).