UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAVON L. JETER, SR.,
    Plaintiff,

vs.

BRYAN LAWLESS,
    Defendant.

Case No. 1:19-cv-623

Cole, J.
Litkovitz, M.J.

**ORDER**

    Plaintiff Ravon L. Jeter, a former inmate at the Southern Ohio Correctional Facility (SOCF), filed this prisoner civil rights action against SOCF corrections officer Bryan Lawless alleging a violation of his constitutional rights under 42 U.S.C. § 1983. On September 11, 2019, the Court granted plaintiff leave to proceed *in forma pauperis*. (Doc. 4). Defendant seeks to revoke plaintiff's *in forma pauperis* status, alleging that plaintiff is a frequent litigator who is subject to the "three-strikes" rule of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). This matter is before the Court on defendant's motion to vacate plaintiff's *in forma pauperis* status and to compel the immediate payment of all filing fees and for related relief under the "three-strikes" provision of the PLRA (Doc. 21) and plaintiff's memorandum in opposition (Doc. 30).

    A prisoner's right to proceed *in forma pauperis* has been restricted by Congress. In accordance with section 804(d) of the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is often referred to as the "three-strikes" provision of the *in forma*

*pauperis* statute. *See Pointer v. Wilkinson*, 502 F.3d 369, 370 (6th Cir. 2007).

Defendant alleges that plaintiff is prohibited by § 1915(g) from proceeding *in forma pauperis* in this case because three of his federal cases have been dismissed for reasons covered by the "three-strikes" provision of the PLRA:

> 1. *Jeter v. Ahmed*, No. 1:13-cv-244, 2014 WL 1961919 (S.D. Ohio May 15, 2014) (Report and Recommendation), *adopted*, 2014 WL 2773165 (S.D. Ohio Jun. 19, 2014) (summary judgment granted to defendants);
>
> 2. *Jeter v. Lt. Sample*, No. 4:13CV00896, 2015 WL 874801 (N.D. Ohio Feb. 27, 2015) (summary judgment entered on behalf of defendants); and
>
> 3. *Jeter v. Ohio Department of Rehabilitation and Corrections*, No. 1:17-cv-756, 2019 WL 5066851 (S.D. Ohio Oct. 9, 2019) (Report and Recommendation), *adopted*, 2020 WL 633300 (S.D. Ohio Feb. 11, 2020) (defendants' motion for summary judgment granted).

(Doc. 21 at 3).

In the last case cited by defendant Lawless in support of his motion, the court determined that based on the evidence presented, and viewing that evidence in the light most favorable to the plaintiff, there were no genuine issues of material fact and the defendants were entitled to judgment as a matter of law. *Jeter v. Ohio Department of Rehabilitation and Corrections*, 2019 WL 5066851. While the court granted the defendants' motion for summary judgment based on the evidence presented, the court did not hold that the plaintiff's complaint was frivolous or malicious, or failed to state a claim upon which relief may be granted. *Id.* Defendant Lawless has not cited, and the Court has not found, any Sixth Circuit cases holding that the grant of summary judgment automatically counts as a "strike" under the PLRA.

While the Sixth Circuit has not addressed this precise question, *see Coleman v. Tollefson*, 733 F.3d 175, 177 (6th Cir. 2013) ("The issue of whether an adverse summary judgment may be

2

a strike is not before us."), it has given some indication that it would not find that such a judgment counts as a strike. In *Pointer*, the Sixth Circuit had to decide whether an action counted as a strike, where six of the claims were dismissed for failure to state a claim and the remaining claims were dismissed for failure to exhaust. 502 F.3d at 370. The Sixth Circuit decided that such an action would count as a strike and relied on the reasoning in *Thompson v. DEA*, 492 F.3d 428 (D.C. Cir. 2007). *Id.* at 377. Although an adverse summary judgment ruling was not before it, the Sixth Circuit twice quoted from the following dicta in *Thompson*, which distinguished such a ruling in the § 1915(g) context:

> With regard to exhaustion, both section 1915(g)'s text and our desire for clarity point toward the same rule: if the court dismisses an unexhausted complaint on a Rule 12(b)(6) motion or if it dismisses the complaint *sua sponte* and expressly declares that the complaint fails to state a claim, the dismissal counts as a strike. *But if the court dismisses the complaint on some other procedural mechanism, such as a Rule 12(b)(1) motion or a motion for summary judgment, the dismissal will not count as a strike*.

*Thompson*, 492 F.3d at 438 (emphasis added). *See Pointer*, 502 F.3d at 376-77.

Other circuit courts of appeals have held that where the district court does not grant summary judgment against the prisoner on one of the grounds enumerated in § 1915(g), the case does not qualify as a strike under 28 U.S.C. § 1915(g). *See Escalera v. Samaritan Vill.*, 938 F.3d 380, 383 (2d Cir. 2019); *Parks v. Samuels*, 540 F. App'x 146, 150 (3d Cir. 2014); *Blakely v. Wards*, 738 F.3d 607, 618 (4th Cir. 2013) (en banc). The district court must examine the basis of a court's previous grant of summary judgment to determine whether the dismissing court deemed the action frivolous, malicious, or as failing to state a claim for relief. *Escalera*, 938 F.3d at 383. *See also Blakely*, 738 F.3d at 618 ("[A]n action's dismissal [at summary judgment] as frivolous, malicious, or failing to state a claim, and not the case's procedural posture at

3

dismissal, determines whether the dismissal constitutes a strike."). Where a court grants summary judgment on the basis of a lack of evidence, the dismissal on summary judgment does not count as a strike because the dismissal is not based on a ground set forth in § 1915(g), i.e., that the complaint was frivolous or malicious, or failed to state a claim for relief. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1044 (9th Cir. 2016); *see also Brown v. Megg*, 857 F.3d 287, 2910-92 (5th Cir. 2017).

In the instant case, the district court in *Jeter v. Ohio Department of Rehabilitation and Corrections*, did not deem plaintiff's action to be frivolous, malicious, or failing to state a claim for relief when it granted the defendants' motion for summary judgment. Accordingly, in light of the above circuit authority, the undersigned declines to find that the grant of summary judgment for the defendants in *Jeter v. Ohio Department of Rehabilitation and Corrections* counts as a strike under the PLRA. As defendant Lawless has failed to identify three previous actions filed by plaintiff Jeter that were dismissed as frivolous or malicious, or for failure to state a claim for relief, the Court **DENIES** the motion to revoke plaintiff's *in forma pauperis* status in this case.

**IT IS SO ORDERED.**

Date: 7/7/2020

Karen L. Litkovitz
United States Magistrate Judge

4