## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**RAVON L. JETER SR.,**

        **Plaintiff,**

        **v.**

**BRYAN LAWLESS,**

        **Defendant.**

        **Case No. 1:19-cv-623**
        **JUDGE DOUGLAS R. COLE**
        **Magistrate Judge Litkovitz**

### ORDER

This cause comes before the Court on the Magistrate Judge's June 4, 2021, Report and Recommendation ("R&R") (Doc. 49). The Magistrate Judge recommends that the Court **GRANT** Defendant's Motion For Summary Judgment (Doc. 41).

The R&R advised both parties that failing to object within the 14 days specified by the R&R could result in forfeiture of rights on appeal, which includes the right to District Court review. (*See* Doc. 49, #297); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R & R … is forfeiture"); 28 U.S.C. § 636(b)(1)(C). Accordingly, the parties here needed to object by June 18, 2021. The time for filing objections has long since passed, and no party has objected.

While that could be the end of the matter, there is perhaps one wrinkle. The advisory committee notes on Federal Rule of Civil Procedure 72(b), i.e., the Rule

governing objections to Magistrate Judges' R&Rs, suggest that—even when neither party has filed an objection—the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Some courts have taken that advice at face value, reviewing R&Rs for clear error, even absent an objection. *See, e.g., Mavrakis v. Warden*, No. 5:17 CV 2398, 2018 WL 4104187, at *3 (N.D. Ohio Aug. 28, 2018) (reviewing for clear error absent an objection to a Magistrate Judge's R&R); *Mason v. Comm'r. Soc. Sec.*, No. 1:10 CV 2456, 2011 WL 3022016, at *1 (N.D. Ohio July 22, 2011) (same); *Malone v. Nike*, No. 2:18-cv-02505-TLP-cgc, 2020 WL 4106316, at *2 (W.D. Tenn. July 20, 2020) (same). Other courts, however, including this one, have adopted a Magistrate Judge's R&R without expressly invoking the clear error standard. *See, e.g., Hutchinson v. Comm'r Soc. Sec.*, No. 1:18-cv-761, 2020 WL 3288411, at *1 (S.D. Ohio June 18, 2020) (adopting the R&R, without mentioning clear error review, because "the time period for objection ha[d] run, and no party ha[d] objected"); *McDonald v. Comm'r Soc. Sec.*, No. 2:14-cv-1610, 2016 WL 110530, at *1 (S.D. Ohio Jan. 8, 2016) (same); *Davidson v. Warden*, No. 2:14-cv-115, 2018 WL 5836981, at *1 (S.D. Ohio Oct. 2, 2015) (same); *Hayes v. Warden Noble Corr. Inst.*, No. 2:16-cv-248, 2017 WL 1380613, at *1 (S.D. Ohio Apr. 17, 2017) (same). The Court need not get to the bottom of that issue here, however, as the Court has reviewed the Magistrate Judge's well-reasoned R&R and determined that it does not contain anything approaching a "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. 49). The Court thus **GRANTS** Defendant's Motion For Summary Judgment (Doc. 41). The Court **DIRECTS** the Clerk to enter judgment accordingly.

**SO ORDERED.**

August 23, 2021
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**